# Third District Court of Appeal

## State of Florida

Opinion filed July 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1779
Lower Tribunal No. 19-13320-CC-05
_____

**Father & Son Carpet Cleaning & Restoration, etc.,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Miesha Shonta Darrough, Judge.

Font & Nelson, PLLC, and Simone F. Nelson (Dania), for appellant.

Traub Lieberman Straus & Shrewsberry LLP, and David T. Burr, and C. Ryan Jones (St. Petersburg), for appellee.

Before FERNANDEZ, MILLER, and BOKOR, JJ.

MILLER, J.

In this first-party property insurance dispute, appellant, Father & Son Carpet Cleaning & Restoration, as the assignee of Silvia Perez, appeals from a final judgment awarding fees and costs to appellee, Citizens Property Insurance Corporation. Appellant only disputes the amount awarded, not fee entitlement. We affirm and write only to reiterate the unremarkable but long-standing principle that, absent a showing of fundamental error, which is conspicuously lacking on this truncated record, preservation requires a contemporaneous objection to the challenged evidence. See Jackson v. State, 451 So. 2d 458, 461 (Fla. 1984) ("A contemporaneous objection is required to preserve error other than fundamental error for appellate review. The objection must be both timely and sufficiently specific both to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal." (citing Castor v. State, 365 So. 2d 701 (Fla.1978) (internal citation omitted))); Charles v. State, 258 So. 3d 549, 552 (Fla. 3d DCA 2018) ("It has long been settled law in Florida that '[t]o be preserved for appeal, the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal.'" (quoting Chamberlain v. State, 881 So. 2d 1087, 1100 (Fla. 2004))); Charles, 258 So. 3d at 552 ("[A] party must satisfy the following three components to properly preserve an issue for appellate review: '(1) a timely, contemporaneous

2

objection; (2) a legal ground for the objection and; (3) [i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.'" (quoting Fleitas v. State, 3 So. 3d 351, 355 (Fla. 3d DCA 2008))); Young v. State, 141 So. 3d 161, 165 (Fla. 2013) (rejecting boilerplate objections and motions as inadequate: "The motion or objection must be specific in order to preserve the claim for appellate review"); see, e.g., Hayes v. Lloyd, 385 So. 2d 131, 132 (Fla. 4th DCA1980) ("Given the state of the record and counsel's failure to object to the use of affidavits to establish a reasonable fee,[] we find appellant has waived the point and the judgment below is affirmed."). Otherwise, the trial judge is divested of any opportunity to correct the putative error, and the appellate court is foreclosed from conducting an "intelligent review on appeal." Jackson, 451 So. 2d at 458 (quotation omitted); Clear Channel Commc'ns, Inc. v. City of N. Bay Vill., 911 So. 2d 188, 190 (Fla. 3d DCA 2005) ("The purpose for requiring a contemporaneous objection is to put the trial judge on notice of a possible error, to afford an opportunity to correct the error early in the proceedings, and to prevent a litigant from not challenging an error so that he or she may later use it for tactical advantage."); Fleitas, 3 So. 3d at 355 ("The purpose of this rule is to place the trial court on notice that an error may have been committed and therefore

provide the trial court with an opportunity to rectify the error prior to any potential appellate review.").  And here, appellant neither raised a timely and specific objection nor moved for rehearing contending the factual findings were deficient.  See Fla. R. Civ. P. 1.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule.").  Accordingly, finding the asserted error waived, we affirm the order under review in all respects.

Affirmed.